IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Mann, ) | C/A No. 0:14-3474-RMG-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Sgt. M. Scott; Sgt. Kiesha Gibbs; Lt. Frank ) | |
| Richardson; Nurse Elouise Montgomery; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Anthony L. Mann, a self-represented state prisoner, filed this action against the defendants pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 29.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Mann of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 30.) Mann filed a response in opposition to the motion. (ECF No. 63.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

### BACKGROUND

Mann's claims stem from an incident that began on April 17, 2014, during the time Mann was housed at Lee Correctional Institution. Mann alleges that, on this date, Defendant Scott used excessive force when he sprayed Mann with chemical munitions and then turned off the water to Mann's cell to prevent him from decontaminating. Mann also alleges that Defendants Gibbs and

Richardson refused to allow him to decontaminate and refused to feed Mann at dinner time. Mann further alleges that Defendant Nurse Montgomery denied him medical treatment following Scott's deployment of chemical munitions.

Mann also alleges that, following the April 17, 2014 incident, in June of 2014 he was retaliated against by Defendants Scott, Gibbs, and Richardson, whom he alleges placed him in a supermax cell with "deplorable" conditions. Mann seeks injunctive and monetary relief. (See generally Compl., ECF No. 1.)

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the



entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Exhaustion of Administrative Remedies**

The defendants argue that Mann failed to exhaust his administrative remedies with regard to his claims. A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money



damages, that are not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 740-41 (2001). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See generally id. Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Pursuant to South Carolina Department of Corrections policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with designated prison staff. If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance." Moreover, review from the South Carolina Administrative Law Court ("ALC") is generally part of the available administrative remedies an inmate must exhaust.[1] See Furtick v. S.C. Dep't of Corr., 649 S.E.2d 35, 38 (S.C. 2007)

---

[1] South Carolina case law has established certain exceptions not applicable here. See Howard v. S.C. Dep't of Corr., 733 S.E.2d 211, 215-18 (S.C. 2012) (interpreting a post-Furtick statutory amendment to S.C. Code Ann. § 1-23-600(D) and holding that the ALC lacked jurisdiction over an inmate's appeal involving the loss of the opportunity to earn sentence-related credits and no state-created property or liberty interest); Travelscape, LLC v. S.C. Dep't of Rev., 705 S.E.2d 28, 38-39 & n.10 (S.C. 2011) (stating that the ALC is without jurisdiction to hear facial challenges to the constitutionality of a regulation or statute but may rule on as-applied challenges); Howard, 399 733 S.E.2d at 218 (applying the holding in Travelscape, LLC to challenges to prison policies).



(reaffirming that "the ALC has jurisdiction over all inmate grievance appeals that have been properly filed") (citing Slezak v. S.C. Dep't of Corr., 605 S.E.2d 506 (S.C. 2004)).

The defendants, through affidavit testimony provided by David Martinez, an Inmate Grievance Administrator, acknowledge that Mann filed a Step One Grievance on or around April 18, 2014 in which he appears to allege the same claims as those in the instant Complaint against Scott, Richardson, and Gibbs with regard to the events that occurred on April 17, 2014.[2] (Step One Grievance, ECF No. 29-4; Martinez Aff. ¶¶ 4-5, ECF No. 29-16 at 1.) However, the defendants point out that this grievance was returned to Mann as unprocessed due to his failure to attach an answered Request to Staff Form regarding an informal resolution attempt. (Step One Grievance, ECF No. 29-4; Martinez Aff. ¶ 6, ECF No. 29-16 at 1.) Martinez avers that, according to the policies and procedures in place at the time, Mann had five days from the date of the alleged incident in which to attempt an informal resolution with the appropriate supervisor. (Martinez Aff. ¶ 7, ECF No. 29-16 at 1.) Martinez avers that, according to South Carolina Department of Corrections policy, a copy of that Request to Staff form must be included with any grievance and that, if Mann timely and properly filed a Request to Staff form, he could then re-file a new grievance form once the Request to Staff form was returned to him. (Id.) Martinez further avers that Mann failed to re-file any Step One Grievance with regard to the April 17, 2014 incident. (Id. ¶ 8, ECF No. 29-16 at 2.)

---

[2] This grievance does not include any allegations with regard to Nurse Montgomery. (See Step One Grievance, ECF No. 29-4; see also Martinez Aff. ¶ 10, ECF No. 29-16 at 2.) Moreover, to the extent that Mann filed any Step One Grievance with regard to his claims of unconstitutional conditions of confinement or retaliation, such grievances appear to have been filed after Mann filed the instant Complaint. (See List of Mann's Inmate Grievance Applications, ECF No. 29-5.) Accordingly, Mann has failed to exhaust his administrative remedies as to these claims. Morales v. Honeycutt, No. 1:05CV370, 2006 WL 2505213, at *1 (W.D.N.C. Aug. 28, 2006) ("Exhaustion of administrative remedies during the pendency of a federal case is insufficient to satisfy § 1997(e)'s exhaustion requirement.") (collecting cases).



Accordingly, the defendants argue that Mann has failed to exhaust his administrative remedies with regard to the claims raised in the instant Complaint.

In response to the defendants' argument, Mann argues that he attempted to exhaust his administrative remedies with regard to the incident that occurred on April 17, 2014 by filing a Request to Staff form with the appropriate staff member on April 18, 2014—the same date that he also filed his Step One Grievance. (Pl.'s Resp. Opp'n Summ. J., ECF No. 63 at 15.) Mann also provides multiple exhibits which he argues demonstrate his many attempts to obtain an answer to his Request to Staff after his Step One Grievance was returned to him unprocessed on April 30, 2014 for failure to attach an answered Request to Staff form. (See, e.g., Exs. 24-41, ECF No. 63-26 through ECF No. 63-43.)

As discussed above, the parties agree that Mann filed a Step One Grievance on April 18, 2014, and that this grievance was returned unprocessed for failure to attach an answered Request to Staff form. Mann also states in his response in opposition—which is declared under penalty of perjury—that he timely filed a Request to Staff on April 18, 2014, a copy of which he attaches to his memorandum. (See Request to Staff, ECF No. 63-28.) However, even if Mann did not receive a response to his Request to Staff as he appears to allege, this does not excuse Mann's failure to attempt to appeal the decision not to process his Step One Grievance. See Poe v. McFadden, No. 9:14-cv-3225-RMG, 2015 WL 4274856, at *5, (D.S.C. July 14, 2015) (even assuming that the defendants would not return plaintiff's Request to Staff, such did not excuse plaintiff's failure to file a Step Two Grievance appeal contesting the defendants' refusal to process his grievance); see also Nally v. King, Civil Action No. 3:12cv128, 2013 WL 594709, at *3 (N.D. W.Va. Jan. 3, 2013) ("Failure to receive a response is not an excuse for not moving to the next level of the grievance



procedure."), <u>adopted by</u> 2013 WL 593448 (N.D. W. Va. Feb. 15, 2013); <u>Williams v. Reynolds</u>, No. 4:12-cv-138-RMG, 2013 WL 4522574, at *4 (D.S.C. Aug. 27, 2013) (finding that "even if Plaintiff did file a Step 1 grievance that was returned unprocessed, there is no evidence that Plaintiff filed a Step 2 grievance or otherwise appealed the decision not to process the Step 1 grievance" and therefore Plaintiff failed to exhaust his administrative remedies). Therefore, even taking the evidence in the light most favorable to Mann, the record shows that he failed to properly exhaust his administrative remedies. <u>See</u> <u>Woodford</u>, 548 U.S. at 90; <u>Jones</u>, 549 U.S. at 218.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion be granted and Mann's claims be dismissed without prejudice for failure to exhaust his administrative remedies. (ECF No. 29.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 28, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).